IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
WELLS FARGO ADVISORS, LLC,    )
                              )
          Plaintiff,          )         8:10CV422
                              )
     v.                       )
                              )
LOY OLSON,                    )         TEMPORARY RESTRAINING ORDER
                              )
          Defendant.          )
_____)
```

This matter is before the Court on plaintiff Wells Fargo Advisors, LLC's ("Wells Fargo") motion for temporary restraining order and preliminary injunction (Filing No. 3). The Court held a hearing on November 1, 2010, during which the parties presented arguments. The Court finds Wells Fargo has made a preliminary showing sufficient to demonstrate: (1) there is a threat of irreparable harm to Wells Fargo; (2) the harm to Wells Fargo outweighs the potential injury that a temporary restraining order would inflict on defendant Loy Olson; (3) it is probable Wells Fargo will succeed on the merits; and (4) the temporary restraining order will not be adverse to the public interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). The Court finds the

plaintiff's motion should be granted to the extent it seeks a temporary restraining order.[1]  Accordingly,

IT IS ORDERED:

1)  Plaintiff's motion for a temporary restraining order and preliminary injunction is granted to the extent it seeks a temporary restraining order;

2)  Olson and those in active concert or participation with him are immediately enjoined from obtaining Confidential Information on Wells Fargo's clients without the clients' written authorization;

3)  Olson shall provide a copy of any written authorization to Wells Fargo prior to obtaining any Confidential Information;

4) "Confidential Information" means any trade secrets or non-public information concerning Wells Fargo's customers, methods, promotions, advertising or other methods of operation; "Confidential Information" does not include information to which Olson is authorized to access from Wells Fargo pursuant to the Protocol for Broker Recruiting;

---

[1] The Court explicitly notes that these findings are merely preliminary findings for the purpose of evaluating whether to issue a temporary restraining order.  The Court will undertake a de novo review of issues in the case after it conducts a full evidentiary hearing on whether to issue a preliminary injunction.

5) With respect to any Confidential Information Olson possesses without a client's written authorization, Olson shall preserve all hard copies, electronically stored information, diskettes, compact discs, and electronic storage devices in his possession, custody, and control;

6) This temporary restraining order will expire at 11:59 p.m. on Friday, November 12, 2010, unless otherwise extended or vacated;

7) Pursuant to Fed. R. Civ. P. 65(c), Olson shall post a bond of $1,000.00 with the Clerk of the Court of the United States District Court for the District of Nebraska;

8) A hearing on whether a preliminary injunction should issue is scheduled for Friday, **November 12, 2010, at 9 a.m.** before the undersigned in Courtroom No. 5, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska;

9) Prior to the hearing on the preliminary injunction, the parties will file with the Court any affidavit testimony or other evidence supporting their respective positions regarding whether a preliminary injunction should issue, according to the following deadlines:

> a. Wells Fargo will file serve its supporting brief and evidence on or before **November 8, 2010;**
>
> b. Olson will file its opposition brief and evidence on or before **November 10, 2010;** and

-3-

        c. Wells Fargo may file a reply brief on or before **November 11, 2010**; and

10) The Court withholds ruling on whether to issue a preliminary injunction until after the preliminary injunction hearing.

DATED this 2nd day of November, 2010.

        BY THE COURT:

        /s/ Lyle E. Strom
        _____
        LYLE E. STROM, Senior Judge
        United States District Court